**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTONIA LERNER,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CITIGROUP,**<br><br>    **Defendant** | Civ. No. 16-cv-1573 (KM) (MAH)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

The plaintiff, Antonia Lerner, *pro se*, brought this action for money damages against her former employer, Defendant Citigroup Inc., for alleged racial, gender and disability discrimination arising out the termination of plaintiff's employment. Lerner has asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act of 1990("ADA"), 42 U.S.C. § 12101 et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq. Citigroup has moved to compel arbitration of the dispute and to dismiss the complaint or stay further proceedings. (Dkt. No. 8) The plaintiff has not opposed the motion. For the reasons set forth below, the motion to compel arbitration will be granted and proceedings in this Court will be stayed.

Where a suit is brought in a district court on an issue that is referrable to arbitration under a valid arbitration agreement, the Federal Arbitration Act instructs that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. In determining whether to compel arbitration, a court must then analyze (1) whether there is an agreement to arbitrate, and (2) whether the dispute falls within the scope of the agreement. *See Century Indemn. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir.

1

2009). This inquiry is guided, however, by a presumption of arbitrability. *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415 (1986). Thus, ambiguities as to the scope of the arbitration agreement are resolved in favor of arbitration. *See Volt Indo. Scis., Inc. v. Bd. of Trs. Of Leland Stanford Junior Univ.*, 489 U.S. 468, 476, 109 S.Ct. 1248 (1989).

A valid arbitration agreement exists in this case. Cititgroup's U.S. Employee Handbook contains an Appendix entitled "Employment Arbitration Policy." (Dkt. No. 8. Ex. B p. 53) The policy provides that arbitration is

> the required and exclusive forum for the resolution of all employment-related disputes (other than disputes which by statute are not subject to arbitration) which are based on legally protected rights (i.e., statutory, regulatory, contractual, or common-law rights) and arise between you and Citi[.]

*Id.* Included in a list of sample disputes are those brought under Title VII, the ADA, and "any other federal, state, or local statute, regulation, or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment," etc. *Id.* A separate appendix in the Employee Handbook sets forth what are termed "Principles of Employment." *Id.* at p. 68. The fourth principle provides that "you and Citi agree to follow Citi's dispute resolution/arbitration procedure for resolving all disputes arising out of or relating to your employment with and separation from Citi." *Id.*

Employees at Citigroup are required to sign a form acknowledging that they understand their obligation to review the Employee Handbook. This acknowledgement form also includes the following:

> Appended to the Handbook is an Employment Arbitration Policy as well as the "Principles of Employment" that require you to submit employment-related disputes to binding arbitration (see Appendix A and Appendix D). You understand that it is your obligation to read these documents carefully, and that no provision in this Handbook or elsewhere is intended to constitute a waiver, nor be construed to constitute a waiver, of Citi's right to compel arbitration of employment-related disputes.

Dkt. No. 8, Ex. C. Plaintiff electronically signed this acknowledgement form on three occasions: December 18, 2008, December 29, 2010, and December 20, 2012. *Id.*

I find that there valid agreement to arbitrate employment-related disputes. Additionally, all of Plaintiff's claims concern matters covered by the arbitration provision. Indeed, the provision explicitly includes claims brought under Title VII, the ADA, and state discrimination laws, such as NJLAD. Accordingly,

**IT IS** this 1st day of August, 2016,

**ORDERED** that Defendant's motion to compel arbitration and stay this matter is **GRANTED**.

HON. KEVIN MCNULTY, U.S.D.J.