UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| ANTONIA LERNER, | |
| --- | --- |
| Plaintiff, | Civ. No. 16-cv-1573 (KM) (MAH) |
| v. | OPINION |
| CITIGROUP, | |
| Defendant | |

The plaintiff, Antonia Lerner, *pro se*, brought this action for money damages against her former employer, Defendant Citigroup Inc., for alleged racial, gender, and disability discrimination arising out the termination of her employment. Ms. Lerner asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 *et seq.* After I granted Citigroup's motion to compel arbitration (DE 9), an arbitrator heard Ms. Lerner's claims and ruled in Citigroup's favor. The arbitrator found that Ms. Lerner's termination was not based on any discriminatory motive with respect to her, but rather was part of a *bona fide* global workforce relocation strategy, and therefore lawful. (DE 28-3 at 28).[1]

---

[1] Record items cited repeatedly will be abbreviated as follows:

| | |
| --- | --- |
| "DE _" = | Docket Entry in this case |
| "Award" = | Arbitrator Levin's Final Award Dated July 9, 2018 (DE 28-3 at 28-41) |
| "Pl. Mot." = | Plaintiff Antonia Lerner's Brief in Support of her Motion to Vacate Arbitration Award (DE 23) |
| "Def. Mot." = | Defendant Citigroup's Brief in Opposition (DE 28) |

1

Ms. Lerner has now filed a motion (DE 23) to vacate the arbitration award. For the reasons stated herein, I will deny Ms. Lerner's motion to vacate.

## I. BACKGROUND

### A. Summary of Facts and Allegations[2]

Ms. Lerner was employed by defendant Citigroup—a global financial services firm—as an Apps Support Senior Analyst within Citigroup's Treasury and Trade Solutions Production Support Group in Jersey City, New Jersey. She was terminated from her position on March 26, 2015. According to Citigroup, this was part of a larger program by which many positions were relocated to India, where labor costs were cheaper. According to Ms. Lerner, her termination was discriminatory.

On April 22, 2015, after her termination, Ms. Lerner filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), complaining of gender and disability discrimination.

### B. Procedural History

#### 1. Complaint and motion to compel arbitration

On March 21, 2016, Ms. Lerner filed a complaint with this Court, alleging a failure to accommodate her disability, termination due to her disability and gender, and retaliatory discharge after she filed a discrimination complaint with the EEOC. (DE 1). Thereafter, Citigroup filed a motion to compel arbitration based on an arbitration clause in Ms. Lerner's employment contract. (DE 8). I granted that motion via a memorandum opinion and order dated August 1, 2016. In that opinion, I found that a valid arbitration agreement existed between Ms. Lerner and Citigroup which covered the scope of Ms. Lerner's claims. (DE 9).

#### 2. Proceedings in arbitration

Ms. Lerner then filed a demand for arbitration with the American Arbitration Association ("AAA"). (DE 28-2 at 24-36). On January 11, 2017, Arbitrator Jack P. Levin was chosen from the arbitrator lists submitted by the

---

[2] The facts are stated here to provide the background of the dispute. The Court is not making its own factual findings in this context.

parties and appointed as the arbitrator. (DE 28-3 at 13-14). At this time, the parties had the opportunity to object to the appointment of Arbitrator Levin, but there is no indication in the record that either party objected then. (*Id.*). Ms. Lerner appeared *pro se* during the arbitration. (Award ¶ 2).

On March 18, 2017, Arbitrator Levin entered a scheduling order to govern discovery, and on August 28, 2017, he entered a revised scheduling order. (DE 28-3 at 16-20). At the end of discovery, Citigroup made a written request for leave to file a motion for summary judgment, which the arbitrator permitted. (DE 28-3 at 22-26; Award ¶ 14). At Ms. Lerner's request, the parties and Arbitrator Levin held a conference call on December 29, 2017 during which the Arbitrator explained the nature of a summary judgment motion and advised Ms. Lerner that it was her burden to establish her claims with facts and applicable law. (Award ¶ 44, n. 6).

On March 9, 2018, Citigroup filed a motion for summary judgment, arguing that (1) Ms. Lerner's failure-to-accommodate claim could not be proven, because Ms. Lerner conceded in her deposition that Citigroup granted her requests for an accommodation; (2) Ms. Lerner's discriminatory-termination claim could not be proven, because other non-disabled, male employees were also terminated in connection with Citigroup's cost-saving strategy to shift certain jobs to lower-cost locations; and (3) Ms. Lerner's retaliation claim could not be proven because the person who made the decision to terminate Ms. Lerner was not aware of Ms. Lerner's complaint with the EEOC at the time. (Def. Mot. at 13-14). Citigroup based its arguments primarily on sworn certifications of Citigroup personnel and information learned from Ms. Lerner's deposition. (*Id.*). Ms. Lerner submitted her own certification in opposition to Citigroup's motion for summary judgment and was permitted to introduce evidence into the record. (Def. Mot. at 18).

### 3. Arbitration award

On July 9, 2018, Arbitrator Levin granted Citigroup's motion for summary judgment on all claims and dismissed Ms. Lerner's claims in their entirety. His findings and conclusions may be summarized as follows:

3

(1) Ms. Lerner did not describe a reasonable accommodation that was requested by her and denied by Citigroup. (Award ¶¶ 22-24).

(2) There was no basis for concluding that Ms. Lerner's discharge related to her gender or medical status. She had no insight into Citigroup's decision to relocate or terminate the employment of certain individuals. There was "ample uncontradicted evidence" that Ms. Lerner, along with non-disabled males, lost their positions at Citigroup due to a corporate decision to move those positions to lower-cost locations. Ms. Lerner did not supply or point to the existence of contrary evidence at her deposition or in her opposition papers. Consequently, "[n]o aspect of Ms. Lerner's termination raises an inference of discrimination." (Award ¶¶ 44-48).

(3) Ms. Lerner's retaliation claim was "based upon mere suspicion" and, consequently, there was "nothing to suggest that Ms. Lerner suffered retaliation." (Award ¶¶ 49-50).

### 4. This motion to vacate award

On September 7, 2018, Ms. Lerner filed the motion to vacate the arbitration award which is now before the Court. (DE 23). On the same date, Ms. Lerner also filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (USCA Docket No. 18-3041; *see* DE 22; DE 25.). The Third Circuit dismissed the appeal for lack of appellate jurisdiction in an order dated December 13, 2018, returning jurisdiction to this Court. *See* Third Circuit Case No. 18-3041.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") embodies a strong presumption in favor of enforcing arbitration awards. *Hamilton Park Health Care Ctr. Ltd. v. 1199 SEIU United Healthcare Workers E.*, 817 F.3d 857, 861 (3d Cir. 2016) (citing *Brentwood Medical Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005)). Section 9 of the FAA states, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant

4

to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. In short, unless the arbitration award is vacated pursuant to § 10 or modified or corrected under § 11 of the FAA, the award "must" be confirmed.[3]

Section 10(a) provides the grounds upon which a district court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Further, an arbitration "award is presumed valid unless it is affirmatively shown to be otherwise . . . ." *Brentwood Med. Assocs.*, 396 F.3d at 241. The Supreme Court has held that these are the "exclusive grounds" for moving to vacate an award. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396 (2008).[4]

---

[3] At this time, Citigroup has not moved to confirm the arbitration award. Rather, Ms. Lerner has only moved to vacate the award and Citigroup has opposed that motion.

[4] Before *Mattel*, this Circuit and others permitted arbitration awards to be vacated where the arbitrator's decision evidenced a manifest disregard for the law. *Bellantuono v. ICAP Sec. USA, LLC*, 557 F. App'x 168, 173 (3d Cir. 2014). That standard required that the arbitrator was aware of, but ignored, legal precedent. *See id.* "Manifest disregard" is far more than mere legal error: if an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not

"[T]he test used to probe the validity of an arbitrator's decision is a singularly undemanding one." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 295-96 (3d Cir. 2010) (internal quotation and citation omitted). The moving party bears the burden of proving that the arbitration award at issue should be vacated, and the courts must "accord arbitration decisions exceptional deference." *Handley v. Chase Bank USA NA*, 387 Fed. App'x 166, 168 (3d. Cir. 2010). A court's role is not "to correct factual or legal errors made by an arbitrator." *Brentwood Med. Assocs.*, 396 F.3d at 240 (internal citation omitted); *Whitehead v. Pullman Grp., LLC*, 811 F.3d 116, 120 (3d Cir. 2016) ("[W]e have long held that for an error to justify vacating an arbitration award, it must be not simply an error of law, but [one] which so affects the rights of a party that it may be said that he [or she] was deprived of a fair hearing." (internal quotation and citation omitted)). Consequently, the party moving to vacate an award "faces a steep uphill battle." *Ario*, 618 F.3d at 277.

Here, Ms. Lerner is proceeding *pro se*. Although this is not a motion to dismiss a complaint, I have nevertheless construed her filings in the liberal spirit of *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In particular, I will "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

### III. ANALYSIS

Ms. Lerner primarily argues that the arbitrator's decision was incorrect on the merits. (*See* Pl. Mot. at 2-3 ("I do not believe that the arbitrator took into consideration the matters of the fact of the case. . . . The defense and arbitrator. . . fail to understand that being laid off twice within weeks of each

---

suffice to overturn his decision.'" *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62, 121 S. Ct. 462 (2000) (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364 (1987)). It remains an open question in this Circuit whether the "manifest disregard of the law" standard previously invoked as a ground to vacate an arbitration award survives *Mattel*. *See Anoruo v. Tenet HealthSystem Hahnemann*, 697 F. App'x 110, 111 (3d Cir. 2017) (noting that the Third Circuit has yet to weigh in on this issue); *Whitehead v. Pullman Grp., LLC*, 811 F.3d 116, 120-21 (3d Cir. 2016) (same).

other is very traumatizing.").) Such arguments are not grounds to vacate an award; "courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact. . . ." *Misco*, 484 U.S. at 36; *Wilkes Barre Hosp. Co.*, 453 Fed. App'x at 260; *Dunkley v. Mellon Inv'r Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010) ("[M]ere disagreement with the Arbitrator's reasoning did not provide a basis to disturb the award.").

Ms. Lerner next argues that an alleged relationship between the AAA and Citigroup gave rise to a conflict of interest requiring that the award be vacated. (*See* Pl. Mot. at 3-4). *See* 9 U.S.C. §§ 10(a)(1), 10(a)(2). To require that an arbitration award be vacated, "the evidence presented to the court must be powerfully suggestive of bias." *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 371 F. App'x 306, 310 (3d Cir. 2010) (internal quotations omitted); *see also Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir.1989) (noting that proof of actual bias, not merely an appearance of bias, is necessary to invalidate an arbitrator's award). Ms. Lerner's contentions do not satisfy that standard.

Ms. Lerner cites two alleged conflicts of interest:
- First, she alleges that Dr. Anke Sessler, who is a partner at the law firm of Skadden, Arps, Slate, Meagher and Flom LLP ("Skadden"), is a board member of the AAA, and that Skadden represented and advised Citigroup "on over a dozen cases." (Pl. Mot. at 3-4).
- Second, she asserts that the Chair of the AAA's Board of Directors, Teresa E. McCaslin, and a Citigroup executive, Stephen R. Volk, both sit on the Board of Directors of the Continental Grain Company. (*Id.*).

These connections, assuming they are reported correctly, are too tenuous to demonstrate partiality or a problematic conflict of interest. *See Dunkley*, 378 F. App'x at 172 ("[T]he Arbitrator's past tenuous relationship to Bank of New York was insufficient to satisfy Dunkley's burden of demonstrating 'evident partiality or corruption' on the part of the Arbitrator."). That members of these organizations may have overlaps like these is unremarkable, indeed routine. No

7

reasonable inference of bias or unfairness arises from these tangential links between persons affiliated with the AAA and Citigroup or Skadden. No fact or issue relevant to this particular case is implicated. No meaningful connection is drawn. Ms. Lerner has not asserted that Arbitrator Levin was aware of these connections or explained how they would influence him to be biased in favor of Citigroup. These claims of bias are therefore insufficient to vacate the Award.

Finally, Ms. Lerner argues that the arbitrator failed to consider certain factual allegations. (Pl. Mot. at 4). *See* 9 U.S.C. § 10(a)(3) (noting that a District Court may vacate an arbitration award where the arbitrator "refus[ed] to hear evidence pertinent and material to the controversy"). However, Ms. Lerner does not explain what pertinent evidence the arbitrator allegedly refused to hear. On my review of the Award, it appears that the arbitrator gave Ms. Lerner a fair opportunity to present her case, heard the relevant evidence, and evaluated the evidence in light of the applicable law.

## IV. CONCLUSION

For the reasons stated in this Opinion, Ms. Lerner's motion to vacate the arbitration award is denied. An appropriate Order follows.

Dated: April 12, 2019

_____
HON. KEVIN MCNULTY, U.S.D.J.