UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTONIA LERNER,** | Civ. No. 16-cv-1573 (KM) (MAH) |
| **Plaintiff,** | |
| v. | **ORDER** |
| **CITIGROUP,** | |
| **Defendant** | |

**THIS MATTER** having come before the Court on the motion of the plaintiff, Ms. Lerner, pursuant to Fed. R. App. P. 4(a)(6),[1] to reopen the time to file an appeal from the court's opinion and order (DE 29, 30) denying her motion to vacate an arbitration award; and

**IT APPEARING** that the order the plaintiff wishes to appeal was entered on April 12, 2019, and is accompanied by a clerk's entry stating that a copy was sent to Ms. Lerner by regular U.S. mail at her address of record in compliance with the provisions of Federal Rule of Civil Procedure 77(d);[2] and

---

[1]    (6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

[2]    Ms. Lerner has not consented to receive court notices electronically and therefore receives notice by mail at her address of record. I do not accept her assertion that the docket demonstrates that notice "obviously" was not mailed.

**IT APPEARING** that Ms. Lerner has filed an affidavit stating that she nevertheless did not receive the opinion and order by mail (DE 34); and

**IT APPEARING** that the time to file an appeal, unless extended, expired on Monday, May 13, 2019;[3]

**IT APPEARING** that, according to her affidavit, Ms. Lerner learned of the court's ruling only upon checking a particular docket-monitoring website; and

**IT APPEARING** that, according to her affidavit, Ms. Lerner thereafter "immediately" wrote to the court, requesting an extension of her time to file a notice of appeal (*see* letter (DE 32), filed on docket on July 8, 2019); and

**THE COURT** being inclined to credit Ms. Lerner's assertions, in that she is an assiduous litigant who has shown every intention to pursue her remedies, and has filed a notification of one prior change of address;[4] and

**IT APPEARING** therefore that Ms. Lerner did not receive notice in fact by mail of the entry of the judgment or order sought to be appealed within 21 days after entry; and

**IT APPEARING** that the July 8 letter (DE 32), construed as a motion, was filed within 180 days after the order was entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

**IT APPEARING** that no party points to any significant change in circumstances that would result in any party being prejudiced by what amounts to a 56-day extension of the time for plaintiff to place the opposing party on notice of her intent to appeal;

---

[3]  *See* Fed. R. App. P. 4(a)(1)(A) (with irrelevant exceptions, notice of appeal in civil case "must be filed within 30 days after entry of the judgment or order appealed from").

[4]  *See, e.g.,* premature notice of appeal, filed on Sept. 7, 2018 (DE 22); notice of change of address (DE 21).

**IT IS**, this 20th day of August, 2019

**ORDERED** that, pursuant to Fed. R. App. P. 4(a)(6), that the plaintiff's time to file a notice of appeal is reopened for a period of **14 days** from the date of this order, the maximum permitted by the rule.

As a *pro se* litigant, Ms. Lerner is advised that the notice of appeal must be actually **filed**, not mailed, by that date.

The clerk shall send a copy of this order to the plaintiff by certified mail at her address of record.

HON. KEVIN MCNULTY, U.S.D.J.